# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 15 CR 703 |
| | ) | |
| JORGE LLUFRIO | ) | Judge Sara L. Ellis |
| | ) | |

## OPINION AND ORDER

Caught driving a semi-truck holding ten kilograms of narcotics and convicted by a jury of two drug crimes, Defendant Jorge Llufrio seeks an acquittal or a new trial. Along with two co-defendants, in a December 2, 2015 superseding indictment, the Government charged Llufrio with conspiracy to possess narcotics with the intent to distribute and possession of narcotics with the intent to distribute. Following a three-day trial, on March 1, 2017, a jury convicted Llufrio on both counts. Llufrio now moves for a judgment of acquittal, or, alternatively, a new trial [150], arguing that the Government did not present sufficient evidence to convict him on either count and that the Court erred by admitting propensity evidence. Because the evidence on which Llufrio was convicted included co-conspirator testimony and other competent evidence sufficient to establish his guilt beyond a reasonable doubt and because the Court admitted testimony that was relevant and accompanied by a limiting instruction against propensity uses, the Court denies Llufrio's motion.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 29 allows a defendant to challenge whether the evidence after the close of the Government's case or after the close of all evidence, is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A motion for acquittal should be granted only where the evidence is insufficient to sustain a conviction." *United States v. Kohli*,

847 F.3d 483, 489 (7th Cir. 2017), *reh'g and suggestion for reh'g en banc denied* (Mar. 27, 2017) (internal quotation marks omitted) (citation omitted). The Court will only overturn the jury's verdict if "after viewing the evidence in the light most favorable to the government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (quoting *United States v. Campbell*, 770 F.3d 556, 571–72 (7th Cir. 2014). "When challenging a conviction based on sufficiency of the evidence, a defendant bears a 'heavy' burden that is 'nearly insurmountable.'" *Kohli*, 847 F.3d at 489 (quoting *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)).

Federal Rule of Criminal Procedure 33 allows "a district court to grant a timely request for a new trial 'if the interest of justice so requires.'" *United States v. O'Malley*, 833 F.3d 810, 811 (7th Cir. 2016) (quoting Fed. R. Crim. P. 33(a)). Courts look at the weight of the evidence, including the credibility of witnesses, to determine "whether the verdict is against the manifest weight of the evidence." *United States v. Washington*, 184 F.3d 653, 657, 658 (7th Cir. 1999). If "the evidence preponderates so heavily against the defendant that it would be a manifest injustice to let the guilty verdict stand," then the district court orders a new trial. *United States v. Reed*, 875 F.2d 107, 114 (7th Cir. 1989).

## ANALYSIS

### I. Challenge to Admission of Evidence

Llufrio first challenges Bustamante's testimony about a small drug transaction between Bustamante and Llufrio, which the Court admitted and which Lllufrio claims prejudiced him at his drug trafficking trial. After the Government moved *in limine* for admission of the testimony, the Court allowed the Government to present Bustamante's testimony that he gave Llufrio a

user-quantity of cocaine *gratis* before Llufrio drove the semi-truck in which he was later arrested and authorities found cocaine and heroin. The Court rejected the Government's contention that the testimony would be direct evidence of the charges against Llufrio. But the Court did find that the Government showed that the testimony demonstrated Llufrio's knowledge that he was involved in a drug trafficking conspiracy and was transporting drugs in the semi-truck. This meant that the testimony was admissible despite the fact that the testimony was evidence of a prior bad act that could be prejudicial to Llufrio.

Llufrio argues that the Court erred in admitting the testimony because Bustamante's testimony was only useful for showing Llufrio's propensity for committing bad acts and was not useful for any permissible purpose. "[T]o overcome an opponent's objection to the introduction of other-act evidence, the proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014) (citing Fed. R. Evid. 401, 402, 404(b)). "[R]elevance to 'another purpose' must be established through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." *Id.* "If the proponent can make this initial showing, the district court must in every case assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice and may exclude the evidence under Rule 403 if the risk is too great" taking into account "the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case." *Id.* The Government argued that the testimony helped prove that Llufrio had knowledge that he was involved with someone who was a cocaine dealer, Bustamante, and that drugs were in the truck that Llufrio drove for Bustamante. The Government's theory was

3

not relevant to Llufrio's character or propensity for using cocaine or trafficking drugs. Further, the Government's theory did not rely on Llufrio's character or propensity for using cocaine—the testimony tended to show Llufrio knew that Bustamante was a cocaine dealer and that the truck was carrying drugs solely because Llufrio knew that Bustamante could afford to give cocaine away for free and could do so in the same time and proximity as Llufrio's driving work for Bustamante. Finally, although the risk of prejudice for Llufrio's cocaine use was high, especially in a trial regarding drug trafficking of cocaine, the risk did not outweigh the probative value.

The Court observed no miscarriage of justice at trial either. Bustamante testified that he gave Llufrio cocaine for free in the days before Llufrio was to drive Bustamante's truck to Chicago. The Court found Bustamante credible on that point. Further, as Llufrio acknowledges, there was no other evidence that related to the cocaine that Bustamante gave Llufrio. At closing arguments, the Government argued that the testimony demonstrated Llufrio's knowledge, and the Government did not make any references or suggestions that the jury should consider the evidence for improper character or propensity purposes. Finally, the Court gave a limiting instruction, approved by both parties, explaining the purpose of the testimony and instructing the jury not to draw improper conclusions or propensity and character inferences. *See id.* at 860–61. Because the admission of the testimony was proper, the Court finds no reason to grant Llufrio a new trial based on the testimony.

## II. Challenge to Convictions

Llufrio also challenges the jury's verdict, specifically the finding that Llufrio conspired to possess narcotics and that Llufrio knew he possessed drugs. Llufrio argues that the Government did not present any evidence beyond Bustamante's testimony for the jury to convict.

4

On the conspiracy charge in Count I, the Government needed to prove: "(1) the existence of an agreement between two or more persons to possess with intent to distribute cocaine; (2) that the defendant knew of the agreement; and (3) the defendant intended to join the agreement." *United States v. Taylor*, 600 F.3d 863, 868 (7th Cir. 2010) (citing *United States v. Billops*, 43 F.3d 281, 284 (7th Cir. 1994)). To prove the conspiracy, the Government had to show "that a conspiracy existed and that [Llufrio] knowingly agreed to join it." *United States v. Viezca*, 265 F.3d 593, 597 (7th Cir. 2001). The Government was allowed to prove the conspiracy with circumstantial evidence and did not need to prove an explicit agreement between the coconspirator or an overt act. *Id.* Llufrio argues that the only evidence of conspiracy was his alleged co-conspirator's testimony, which he argues was uncorroborated. For the possession with intent to distribute charge in Count II, the Government needed to "prove beyond a reasonable doubt that the defendant: (1) knowingly or intentionally possessed cocaine; (2) possessed cocaine with the intent to distribute it; and (3) knew the cocaine was a controlled substance." *United States v. Jackson*, 51 F.3d 646, 655 (7th Cir. 1995).

The Government presented sufficient evidence to support Llufrio's conviction on both counts. There is no dispute that Bustamante's testimony established Llufrio's knowledge of the conspiracy and intent to join. Bustamante also testified that Llufrio was aware that the truck he was driving held narcotics, agreeing to drive the truck while it was carrying drugs, and that Llufrio knew he would be paid based on the amount of drugs in the truck. And there was the testimony that Llufrio received free cocaine from Bustamante before the drive from Texas to Illinois. Further, the evidence corroborated Bustamante's testimony that he was involved in a drug conspiracy with Llufrio and that Llufrio knew it: the Government admitted telephone records and payment records demonstrating that Llufrio drove from his home in Florida to meet

Bustamante in Texas, receiving $500 for coming to the aid of Bustamante. Text message records and telephone records showed that Llufrio knew he was going to drive Bustamante's semi-truck, using Llufrio's commercial driver's license. Llufrio did not drive a trailer when he drove from Texas to Illinois; he was arrested driving a semi-truck without any cargo trailer but with a hidden compartment containing narcotics. Llufrio also tracked close to Bustamante on the drive north and attempted to maintain close communication with Bustamante when they were in Illinois.

Viewing the evidence in the light most favorable to the prosecution, the Court too finds that there was sufficient evidence for the jury to convict Llufrio. There was ample evidence to establish Llufrio's knowledge of his possession of drugs with the intent to distribute and knowledge that Llufrio was a member of the drug trafficking conspiracy that Bustamante was spearheading. Further, reviewing the weight of the evidence, the Court finds that there are no grounds for a new trial for Llufrio because Bustamante's testimony was consistent and credible, and the Government presented corroborating evidence supporting Bustamante's testimony and demonstrating that Llufrio had knowledge of the drugs in the semi-truck and of the conspiracy he joined. Llufrio did not just associate with Bustamante; Llufrio actively worked with Bustamante to transport drugs that Bustamante had hidden in the truck. The Court denies Llufrio's motion.

## CONCLUSION

For the foregoing reasons, the Court denies Llufrio's motion for acquittal or new trial [150].

Dated: August 2, 2017

SARA L. ELLIS
United States District Judge